**ELECTRONICALLY FILED**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND
CIVIL ACTION NO. _____

KERI JORDAN,                                                                                     PLAINTIFF,

VS.

AETNA LIFE INSURANCE COMPANY,

    Serve via Kentucky Secretary of State:
    51 Farmington Ave (Rw61 Deotte)
    Hartford, CT 06156

and BON SECOURS HEALTH SYSTEM, INC., HEALTH PLAN,     DEFENDANTS.

    Serve via certified mail:
    Alex M. Azar, II, Secretary
    United States Department of Health and Human Services
    200 Independence Avenue SW
    Washington, DC  20201

**COMPLAINT**

    Comes the Plaintiff, Keri Jordan, by and through the undersigned counsel, and for her Complaint against the Defendants, Aetna Life Insurance Company and Bon Secours Health System, Inc., Health Plan, states as follows:

    1.    Plaintiff, Keri Jordan, is an individual who resides at 8326 Ponderosa Court, Ashland, Kentucky 41102.  At all times relevant herein, Plaintiff has been a citizen and resident of Boyd County, Kentucky.

    2.    Defendant, Aetna Life Insurance Company (hereinafter "Aetna"), is the third-party administrator for the Bon Secours Health System, Inc., Health Plan, with its principal place of business located at 51 Farmington Avenue (Rw61 Deotte), Hartford,

Connecticut 06156, and is authorized and licensed to carry on the business of insurance in the Commonwealth of Kentucky.

3. Defendant, Bon Secours Health System, Inc., Health Plan (hereinafter "the Plan"), is an employee benefit plan as defined by ERISA and adopted by Bon Secours Health System, Inc., with its principal place of business located at 1505 Marriottsville Road, Marriottsville, Maryland 21104-1399. The Plan is subject to suit as a legal entity pursuant to 29 U.S.C. § 1132(d), and because the Summary Plan Description does not designate an individual as agent for service of process, service is being made upon the Secretary of the United States Department of Health and Human Services.

4. This is an action brought pursuant to ERISA, 29 U.S.C. § 1132(a), (e), and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

5. Venue is properly laid in this district pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee benefit plan is administered in this district and the breaches of duty herein alleged occurred in this district, and pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times relevant herein, Plaintiff was an employee of Bon Secours Health System, Inc., and thus was entitled to various benefits under the Plan, including payment of medical expenses. A copy of the summary plan description is attached hereto as **Exhibit A.**

7. On or about November 29, 2017, Plaintiff underwent a D&C hysteroscopy with NovaSure ablation and bilateral salpingectomy, for which she incurred medical expenses of approximately $19,394.92.

8. Pursuant to the terms of the Plan, Plaintiff promptly submitted a claim for medical expenses to the Plan.

9. Defendants have failed and refused to pay such medical expenses despite repeated demands by Plaintiff.

10. On or about December 28, 2017, Defendant Aetna issued an Explanation of Benefits ("EOB") to Plaintiff, indicating its refusal to pay Plaintiff's medical expenses because the Plan excludes charges for voluntary sterilization. A copy of the EOB is attached hereto as **Exhibit B**.

11. On or about February 7, 2018, Plaintiff requested a Level 1 verbal appeal to Defendant Aetna. A copy of Aetna's documentation of the verbal appeal request is attached hereto as **Exhibit C.**

12. On or about March 5, 2018, Defendant Aetna issued its Level 1 Appeal Decision in response to Plaintiff's February 7, 2018 appeal, upholding its original denial of the charges from the November 29, 2017 surgery. A copy of this decision is attached hereto as **Exhibit D.**

13. On or about March 19, 2018, Plaintiff submitted a "Member Complaint and Appeal" form to Defendant Aetna, again requesting review of the denial of the charges from the November 29, 2017 surgery. A copy of this form is attached hereto as **Exhibit E.**

14. On or about April 30, 2018, Plaintiff submitted another "Member Complaint and Appeal" form to Defendant Aetna requesting review of the denial of the charges from the November 29, 2017, along with supporting documentation. A copy of this form and supporting documentation is attached hereto as **Exhibit F**.

15. On or about May 1, 2018, Plaintiff submitted to Defendant Aetna a letter from her treating physician, Richard F. Ford, M.D., which indicated that sterilization was required as a consequence of the NovaSure ablation procedure, as conception after this procedure is contraindicated secondary to the risk of ectopic pregnancy. A copy of Dr. Ford's letter is attached hereto as **Exhibit G**.

16. On or about May 11, 2018, Defendant Aetna issued another Level 1 Appeal decision in response to the April 30, 2018 appeal by Plaintiff, upholding the denial of the charges from the November 29, 2017 surgery. A copy of this decision is attached hereto as **Exhibit H**. While the decision indicates that certain information was reviewed as part of the appeal, it does not indicate that the complaint and review analysts reviewed the letter from Dr. Ford regarding the medical necessity of the sterilization procedure as part of the appeal process.

17. On or about May 22, 2018, Defendant Aetna issued a Final Appeal decision in response to Plaintiff's March 19, 2018 appeal, again upholding the denial of the charges from the November 29, 2017 surgery. A copy of this decision is attached hereto as **Exhibit I.**

18. On or about June 8, 2018, counsel for Plaintiff submitted another request for review to Defendant Aetna, a copy of which is attached hereto as **Exhibit J**.

19. On or about June 11, 2018, Defendant Aetna notified counsel for Plaintiff that all internal appeal rights had been exhausted. A copy of this correspondence is attached hereto as **Exhibit K**.

20. As more fully set forth above, Plaintiff has appealed this decision as provided for by the terms of the Plan and has exhausted her plan remedies to no avail.

21. The refusal of the Defendants to pay Plaintiff's medical expenses is arbitrary and capricious in that (1) no question exists that Plaintiff incurred legitimate and necessary medical expenses as a result of the November 29, 2017 surgery, (2) these medical expenses are covered by the Plan, and (3) Plaintiff has fully complied with the claims provisions of the Plan.

22. The conduct of the Defendants in denying medical expenses to Plaintiff constitutes a breach of their fiduciary duties.

WHEREFORE, Plaintiff, Keri Jordan, respectfully prays that the Court:

1. Declare that the Defendants are obligated to pay for Plaintiff's medical expenses;

2. Award Plaintiff judgment against the Defendants for the amount of Plaintiff's medical expenses;

3. Award Plaintiff the costs and expenses of this action, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

4. Award any and all other relief to which she may be entitled.

Respectfully submitted,

/s/ Keri E. Hieneman
Leigh Gross Latherow
Keri E. Hieneman
VanAntwerp Attorneys, LLP
1544 Winchester Avenue, 5th Floor
P.O. Box 1111
Ashland, KY 41105-1111
(606) 329-2929; Fax (606) 329-0490
llatherow@vanattys.com
khieneman@vanattys.com
*Counsel for Plaintiff*